UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAIN LEE,

        Petitioner,

                                        CASE NO. 2:06-15545

v.

                                        PAUL D. BORMAN
WARDEN C. EICHENLAUB,         UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

### OPINION AND ORDER DENYING HABEAS CORPUS PETITION

**I.    INTRODUCTION**

Currently pending before the Court is petitioner Lain Lee's application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He was convicted in the Northern District of Illinois of unlawful use of a communication device to facilitate a drug conspiracy. *See* 21 U.S.C. § 843(b). He is serving a sentence of four years.

Petitioner currently is enrolled in the Residential Drug Abuse Program (RDAP) at FCI-Milan. The RDAP offers inmates the possibility of having their sentences reduced by one year upon successful completion of the program. Federal officials at all three levels of administrative review have determined that Petitioner is ineligible for early release upon successful completion of the RDAP.

Petitioner alleges that the decision to deny him early release has resulted in a violation of his constitutional right to equal protection of the law. Petitioner further alleges that prison officials improperly denied him early release on the basis of a conviction that was vacated and is

more than ten years old.

**II.      ANALYSIS**

    **A.  Relevant Statute and Regulation**

The Bureau of Prisons must provide substance abuse treatment for prisoners that have a treatable condition of substance abuse or addiction.  18 U.S.C. § 3621(b).  As an incentive for successful participation in a substance abuse program, the statute permits the Bureau of Prisons to reduce the sentence of a prisoner convicted of a nonviolent offense for as much as one year.  18 U.S.C. § 3621(e)(2)(B).  The federal regulation interpreting this statute provides that --

> [a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> . . . .
>
> (iv).  Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.

28 C.F.R. § 550.58(a)(1)(iv).

    **B.  The Equal Protection Claim**

Petitioner alleges that the refusal to grant him early release upon successful completion of the RDAP violates his Fifth Amendment right to equal protection of the law.  In support of this claim, Petitioner has named four inmates who have been granted early release under the RDAP despite having been convicted of a weapons offense.

"The Equal Protection Clause requires public institutions to 'treat similarly situated individuals in a similar manner.'"  *Buchanan v. Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988)).  A governmental

classification generally will be upheld if it bears a rational relationship to a legitimate end and does not burden a fundamental right or target a suspect class. *Romer v. Evans*, 517 U.S. 620, 631 (1996).

Although "inmates are protected by the Equal Protection Clause of the Fourteenth Amendment," *Hluchan v. Fauver*, 480 F. Supp. 103, 109 (D. N. J. 1979), they "are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), and they have no constitutional or inherent right "to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, the Bureau's decisions need only be rationally related to a legitimate governmental interest. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 795-96 (E.D. Mich. 2001) (Borman, J.) (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1036-37 (5th Cir. 1998)); *Paydon v. Hawk*, 960 F. Supp. 867, 872 (D. N.J. 1997).

The Bureau's decision not to grant early release to inmates with a prior conviction for aggravated assault "is rationally related to the legitimate governmental end of preventing the early release of potentially violent inmates." *Martinez v. Flowers*, 164 F.3d 1257, 1261 (10th Cir. 1998). Furthermore, Petitioner's criminal history includes a state conviction for armed violence. Eyewitnesses identified Petitioner as one of three persons who assaulted the two victims while armed. One of the two victims died as a result of the incident. Petitioner has not shown that the inmates who were released under the RDAP were convicted of a comparable offense. Thus, he has failed to establish a violation of the Equal Protection Clause.

**C.  Use of a Conviction More Than Ten Years Old**

Petitioner alleges next that prison officials improperly denied him early release on the basis of a conviction that is more than ten years old.  The underlying offense was committed in 1978; the subsequent conviction was affirmed on appeal on January 14, 1982.  *See* Response to Pet. for Writ of Habeas Corpus, Ex. 7.  Petitioner argues that the United States Sentencing Guidelines do not permit the use of convictions more than ten years old and, therefore, the Bureau of Prisons should be prohibited from relying on a conviction that is more than ten years old.

Neither the statute, nor the related regulation, state that convictions more than ten years old may not be used to deny early release, and Petitioner has not cited any court decisions in support of his argument.  He asks the Court to conclude on the basis of common sense that convictions over ten years old may not be considered to deny early release under the RDAP.

Common sense dictates that convictions more than ten years old *may* be considered to deny early release under the RDAP, because the Bureau of Prisons has "substantial discretion in its decisionmaking," *Orr v. Hawk*, 156 F.3d 651, 653 (6th Cir. 1998), and "broad discretion to grant or deny the one-year reduction" in sentence under § 3621, *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir. 1997).  The Bureau has the authority, but not the duty, to reduce a prisoner's term of imprisonment for successful completion of a drug treatment program.  *Lopez v. Davis*, 531 U.S. 230, 241 (2001).  In the absence of any support for Petitioner's argument, the Court concludes that there is no merit in the contention that convictions more than ten years old may not be used to deny early release under the RDAP.

**D.  Use of a Vacated Conviction**

Petitioner's final claim is that prison officials improperly relied on an aggravated battery conviction that has been vacated. While it is true that a state appellate court in Illinois vacated Petitioner's conviction and sentence for aggravated battery, the state court affirmed Petitioner's conviction for armed violence. *See* Response to Pet. for Writ of Habeas Corpus, Ex. 7. The facts underlying the conviction for armed violence indicate that Petitioner aided and abetted two other individuals in assaulting the two victims. He personally kicked one of the victims while a co-defendant pistol-whipped the victim on the face. The other victim died, apparently as a result of being shot by one of Petitioner's co-defendants.

Petitioner's conviction for armed violence is comparable to aggravated assault, which is one of the crimes enumerated in 28 C.F.R. § 550.58.[1] Thus, the Bureau of Prisons did not abuse its discretion when it relied on Petitioner's state conviction for armed violence to deny early release under the RDAP. *See Zacher v. Tippy*, 202 F.3d 1039, 1042-45 (8th Cir. 2000) (concluding that a prior state misdemeanor conviction for assault with a deadly weapon or force likely to produce great bodily injury was consistent with the statute because it involved infliction of a serious beating of the victim).

---

[1] As explained in *Zacher v. Tippy*, 202 F.3d 1039, 1043 (8th Cir. 2000):

The Bureau of Prisons uses the FBI's *Uniform Crime Reports* definition of "Aggravated Assault," which provides:

Aggravated assault is an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault is usually accompanied by the use of a weapon or by means likely to produce death or great bodily harm. Attempts are included since it is not necessary that an injury result when a gun, knife, or other weapon is used which could and probably would result in serious personal injury if the crime were successfully completed.

### III.  CONCLUSION

The Bureau's decision not to reduce Petitioner's sentence for successful completion of the RDAP was permissible and not an abuse of discretion or contrary to the statute or regulation. Accordingly, the Court **DENIES** the application for a writ of habeas corpus.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 5, 2007.


s/Denise Goodine
Case Manager